IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Curtis Shepherd, | ) | C/A No. 3:22-1799-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER &** |
| Wells Fargo Bank N.A. Trust Company; | ) | **REPORT AND RECOMMENDATION** |
| Rogers Townsend & Thomas; Lender | ) | |
| Processing Services, Inc.; LPS Default | ) | |
| Solutions, Inc.; Docx Mortgage; Electronic | ) | |
| Registration Systems, Inc.; Wells Fargo Bank, | ) | |
| N.A.; Jason T. Moss; John J. Hearn; Jason D. | ) | |
| Wyman; Kevin T. Brown; Cynhia Thomas, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Curtis Shephard, proceeding *pro se*, brings this civil action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes this case should be summarily dismissed without prejudice and issuance and service of process.[1]

**I.      Factual and Procedural Background**

In a 122-page complaint and accompanying motion for a temporary restraining order, Plaintiff alleges that the defendants are engaged in a global conspiracy to launder money through

---

[1] Defendant Jason T. Moss appeared and filed a motion to dismiss (ECF No. 7), even though the court has not yet authorized the issuance and service of process in this case. The motion to dismiss is moot in light of the court's recommendation. The Roseboro Order and Scheduling Order previously issued are therefore vacated. (ECF Nos. 8 & 9.)

real property transactions in violation of RICO and many federal laws.[2] Plaintiff seeks to have the United States Department of Justice investigate and for the court to permanently enjoin the defendants from engaging in this activity. (Compl., ECF No. 1 at 75-76.) The defendants are companies, law firms, and professionals involved in the mortgage industry, and some of the defendants were involved in the foreclosure of property owned by Plaintiff. (Id. at 13, 30.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

---

[2] The court notes that the Complaint is substantially the same as Complaints previously filed by other *pro se* litigants in this court. See, e.g., C/A No. 3:21-2161-JFA.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B.   Analysis

The court concludes that the Complaint is frivolous for the following reasons. First, the Complaint fails to comply with Federal Rule of Civil Procedure 8. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). The court is not able to determine what causes of action Plaintiff brings against each defendant, what relief is sought against them, or how each defendant is involved in the purported conspiracy. See North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004) (affirming dismissal of a complaint under Rule 8 where "the complaint . . . does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it"); see also U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378-79 (7th Cir. 2004) (collecting cases). The Complaint lists numerous "relevant federal statutes" but does not explain how each defendant violated the statutes. (Compl., ECF No. 1 at 6-7.) Additionally, the excessive use of purported legal jargon and extraneous facts that do not appear to bear any relation to the defendants' specific conduct

make it impossible for the court to find the relevant allegations that would support Plaintiff's claims.  See generally Grimes v. Fremont Gen. Corp., 933 F. Supp. 2d 584, 595 (S.D.N.Y. 2013) ("When a complaint does not comply with Rule 8, by virtue of a plaintiff's including redundant or unnecessary allegations, the court may dismiss the complaint or strike those portions that are redundant or immaterial.") (internal quotations marks omitted).

Second, the Complaint does not explain how Plaintiff has standing to bring this action.  See Pye v. United States, 269 F.3d 459, 466 (2001) ("Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States.") (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102 (1998)).  The plaintiff bears the burden of establishing the three elements of standing:  (1) the plaintiff suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).  At the pleading stage, the plaintiff must clearly allege facts demonstrating each element.  Id.; Bishop v. Bartlett, 575 F.3d 419, 424 (4th Cir. 2009) (stating that at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, but the party invoking the jurisdiction of the court must include the necessary factual allegations in the pleading, or else the case must be dismissed for lack of standing).  Here, though the Complaint makes vague statements that would indicate that the defendants are involved in the foreclosure of Plaintiff's property, the Complaint fails to provide any allegations that explain how Plaintiff was injured by the defendants' actions or how the relief he seeks would remedy any injury that is particular to Plaintiff.

Third, and relatedly, to the extent the Complaint seeks relief in the manner of criminal investigations or the like, Plaintiff does not have standing or authority to bring criminal charges

by filing a civil lawsuit. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Harris v. Salley, 339 F. App'x 281 (4th Cir. 2009) ("Harris does not have a constitutional right to institute criminal proceedings against Salley or to sue the defendants for failing to use their authority to do so.").

### III.     Conclusion

Based on the foregoing, the court concludes that the Complaint is frivolous and should be summarily dismissed without prejudice and issuance and service of process, and Plaintiff's motion for temporary restraining order and permanent injunction should be denied as moot. (ECF No. 3.)

July 6, 2022  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).